# EXHIBIT A

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 1:

Plaintiff Diana Rivera O'Bryant is suing to recover money damages for injuries she allegedly sustained as a result of Defendants' alleged violations of federal and state law. There are seven (7) defendants in this case: the City of Reading, former Mayor, Joseph Eppihimer; former City Managing Director, Jeffrey White; former City Director of Community Development, Nan Balmer; former Human Resources Director, Jesús Peña; City Finance Director, Tammie Kipp; and Manager of the Division of Housing and Neighborhood Improvement, Eric Galosi.

Although there are seven (7) defendants in this case, it does not necessarily follow that if one is liable, all or any one of the others are liable. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendants. Unless I instruct you otherwise, all instructions given you govern as to each defendant.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 8.01.10.

1

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 2:**

You must reach a verdict on each one of the five (5) separate claims being made by the Plaintiff in this case against the defendants or against certain of the defendants.

With respect to the first claim, you must decide whether Plaintiff has proven by a preponderance of the evidence that the City, Joseph Eppihimer, Jeffrey White, Nan Balmer, Jesús Peña, and/or Eric Galosi violated her right to equal protection of the law and treated her differently from similarly-situated employees because of her race, that is, because she is African American.

With respect to the second claim, you must decide whether Plaintiff has proven by a preponderance of the evidence that the City, Joseph Eppihimer, Jeffrey White, Nan Balmer, Jesús Peña, Tammie Kipp, and/or Eric Galosi retaliated against her because of her exercise of her First Amendment right to free speech on a matter of public concern.

With respect to Plaintiff's third claim, you must decide whether Plaintiff has proven by a preponderance of the evidence that she was not entitled to additional compensation by the City for hours worked in excess of forty (40) hours per week while employed as the Human Relations Commission Administrator for the City of Reading, if the City did not, in turn, prove by a preponderance of the evidence that Plaintiff is exempt from the overtime requirements of federal law because of the administrative nature of her work.

With respect to Plaintiff's fourth claim, you must decide whether Plaintiff has proven by a preponderance of the evidence that the City breached an agreement with her to pay her time-and-a-half (1 ½) pay for all hours worked over forty (40) in a week.

2

Finally, with respect to Plaintiff's fifth claim, you must decide whether Plaintiff has proven by a preponderance of the evidence that the City, Jeffrey White, Nan Balmer, and/or Jesús Peña intentionally and fraudulently misrepresented or fraudulently concealed from Plaintiff information regarding her entitlement to overtime pay under federal law.

In every one of these claims, the Plaintiff bears the burden of proving that the Defendants acted unlawfully.  The mere fact that she filed this lawsuit, that you are being asked to decide it, or that I am giving you these instructions, are no reason to think that any Defendant has acted unlawfully in any way.

*Souce: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 8.01.10.

PH1 672329v2 12/10/04

*__Section 1983__*

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 3:

Plaintiff's first two claims are brought under 42 U.S.C. § 1983, a federal civil rights law referred to as "Section 1983." One of Plaintiff's Section 1983 claims is for violation of her Fourteenth Amendment rights and one is for violation of her First Amendment rights. With respect to each of Plaintiff's Section 1983 claim against the defendants, Plaintiff must establish each of the following three elements by a preponderance of the evidence:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights secured by the United States Constitution; and

Third, that the acts of that defendant were the proximate cause of injuries and consequent damages sustained by Plaintiff.


*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 8.01.10.

4

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 4:**

With respect to both of her Section 1983 claims, Plaintiff has alleged that the City, Joseph Eppihimer, Jeffrey White, and Jesús Peña caused her to be demoted.

Plaintiff further alleges that the City, Joseph Eppihimer, Jeffrey White, and Jesús Peña caused her to be paid her far less than white City employees in comparable positions were being paid. Plaintiff also alleges that Eric Galosi took steps to prevent Plaintiff from receiving pay comparable to the pay received by white employees in positions of similar importance with the City.

Finally, Plaintiff alleges that Joseph Eppihimer, Jeffrey White, Jesús Peña, Nan Balmer, Eric Galosi, and Tammie Kipp have harassed Plaintiff and attempted to undermine her performance.

It is for you, the jury as part of your evaluation of the first element of Plaintiff's Section 1983 claim, to decide whether the defendants committed these acts of which Plaintiff complains. Plaintiff cannot recover for any of these actions under either of her Section 1983 claims except to the extent the action was taken on or after December 9, 2001 – that is, no more than two (2) years before Plaintiff filed this lawsuit. Plaintiff cannot recover, in this lawsuit, based on any actions taken prior to December 9, 2001.

*Source:* Plaintiff's Amended Complaint ¶¶ 16-21; Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 5:**

In addition to identifying adverse conduct, the other component of the first element that Plaintiff must prove in her Section 1983 claim is that Joseph Eppihimer, Jeffrey White, Jesús Peña, Nan Balmer, Eric Galosi, and Tammie Kipp took these actions against Plaintiff while acting under color of state law. The phrase "under color of state law" is a shorthand reference to the text of the Section 1983 law, which includes within its scope action taken under color of any statute, ordinance, regulation, custom, or usage, of any state. The term "state" includes any political subdivision of a state, such as a city. Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he or she possesses by virtue of state law.

An actor may misuse power that he or she possesses by virtue of state law even if his or her acts violate state law; what is important is that the actor was clothed with the authority of state law, and that his or her action was made possible by virtue of state law. A public official who pursues his or her personal aims without using governmental authority, however, does not act under color of state law merely because he or she happens to be a state officer.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 13.01.4.

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 6:**

In order for any of the alleged actions of Joseph Eppihimer, Jeffrey White, Jesús Peña, Nan Balmer, Eric Galosi, or Tammie Kipp to have been taken "under color of state law," the action must be of such nature, and committed under such circumstances, that it would not have occurred except for the fact that he or she was clothed with the authority of the state—that is to say, the official must have purported to be lawfully exercising official power while in reality abusing it.

If you find that any of the defendants did not take any actions under color of state law, then you must return a verdict for that defendant on Plaintiff's Section 1983 claims. However, if you do find that any of the defendants acted under color of state law, then you must go on to determine whether Plaintiff has established, by a preponderance of the evidence, the other two primary elements of a Section 1983 claim: in this case, whether that official actually deprived Plaintiff of a constitutional right and, if so, whether the deprivation "proximately caused" the injuries Plaintiff claims she sustained. These three elements must also be established for any defendant to be liable to Plaintiff under Section 1983.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 13.01.4.

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 7:

With respect to the second element of Plaintiff's Section 1983 claim, you must determine whether the plaintiff was deprived of a Constitutional right by each or any of the defendants. Plaintiff alleges that each and every defendant deprived her of her rights under the First Amendment. Plaintiff also alleges that she was deprived of her right to equal protection of the laws by all of the defendants except Tammie Kipp.

*Source:*  Amended Complaint ¶¶ 27, 34.

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 8:**

With respect to Plaintiff's First Amendment claim, you must determine if the allegedly adverse employment actions taken by each defendant, when viewed in the aggregate of that individual's actions, were likely to deter a person of ordinary firmness from exercising her constitutional right to free speech.  For example, a public official is not liable under Section 1983 if he merely frowns at a public employee who has exercised a constitutional right; a merely discourteous working environment does not rise to the level of retaliation creating liability under Section 1983.  Rather, in order for Plaintiff to make our her claim, you must find that the plaintiff was subjected to either a sufficiently severe single adverse employment action or a campaign of harassment by each or any of the defendants that would have deterred an ordinary person from exercising his or her First Amendment rights.

*Source:* Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000); Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 9:**

Where a public official's alleged adverse actions regarding Plaintiff's employment are in the nature of speech—that is, where the conduct that Plaintiff complains of are statements made by a defendant—you must determine whether the public official's speech involved a threat, coercion, or intimidation, intimating that punishment, sanction, or adverse action would follow.  If the defendant official's speech did not have this sort of content, the speech itself does not adversely affect the Plaintiff's First Amendment rights, even if defamatory, and you cannot consider that speech as part of any retaliation made towards Plaintiff.

*Source:* McLaughlin v. Watson, 271 F.3d 566, 569-72 (3d Cir. 2001); Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685-87 (4th Cir. 2000); X-Men Security, Inc. v. Pataki, 196 F.3d 56, 68-70 (2d Cir. 1999); Smith v. School Dist. of Philadelphia, 112 F. Supp.2d 417, 431 (E.D. Pa. 2000).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 10:**

In order to establish that the defendant's conduct deprived Plaintiff of her First Amendment rights, the Plaintiff must establish the following:

First, that she engaged in speech or expression that is protected by the First Amendment; and

Second, that this speech or expression was a substantial or motivating factor in each Defendant's decision to take retaliatory actions against Plaintiff.

*Source:* Pickering v. Board of Ed. of Township High Sch. Dist., 391 U.S. 563 568 (1968); Azzaro v. County of Allegheny, 110 F.3d 968, 975 (3d Cir. 1997).

PHI 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 11:**

To prove that she engaged in speech that is protected by the First Amendment, Plaintiff must prove that she actually spoke on a subject that was a matter of public concern, not merely that Defendants believed or perceived her to have spoken on that subject.

*Source:* Fogarty v. Boles, 121 F.3d 886, 887-89 (3d Cir. 1997); Barkoo v. Melby, 901 F.2d 613, 619 (7th Cir. 1990); Wasson v. Sonoma County Junior College, 203 F.3d 659, 661, 663 (9th Cir. 2000); Jones v. Collins, 132 F.3d 1048, 1053-54 (5th Cir. 1998).

PH1 672329v2 12/10/04

## **DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 12:**

Plaintiff claims that she engaged in conduct protected by the First Amendment when she "actively pursued steps designed to help eliminate racial discrimination in housing, employment, and other fields;" "she openly spoke about the need for the elimination of such discrimination;" and she filed a charge employment discrimination against the City with the Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission. I have already found, as a matter of law, that these subjects were matters of public concern in the City of Reading. However, it is for you, the jury, to decide whether Plaintiff actually engaged in speech or other protected expression on these subjects.

*Source:* Plaintiff's Amended Complaint ¶¶ 14-15.

13

## **DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 13:**

Plaintiff also must show that her protected speech or conduct was a substantial or motivating factor in a defendant's decision to subject her to adverse treatment in her employment. The plaintiff's protected speech or conduct was a substantial or motivating factor in a defendant's decision if it played a substantial role in a defendant's decision to take any of the adverse actions alleged.

A defendant may have taken action against the plaintiff for no reason at all. If that was the case, the plaintiff's speech was obviously not a substantial or motivating factor in the defendant's decisions regarding the plaintiff. A defendant may have taken action against the plaintiff for only one reason. If that one reason was that the plaintiff engaged in protected speech or conduct, you must find that the plaintiff's speech was a substantial or motivating factor in that defendant's decision to subject the plaintiff to adverse treatment in her employment.

A defendant may have taken action against the plaintiff for a combination of different reasons. If so, you must determine whether one of those reasons was that the plaintiff engaged in protected speech. If this was one of those reasons, then you must decide whether plaintiff's exercise of her free speech rights played a substantial role in the decision to subject the plaintiff to adverse treatment. If it did play a substantial role in a defendant's decision, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's decision. If the plaintiff has failed to prove this element by a preponderance of the evidence with respect to one or more of the defendants, then you will find for that defendant on this part of Plaintiff's claim.

PH1 672329v2 12/10/04

The mere fact that the plaintiff may have been subjected to adverse treatment in her employment does not establish her First Amendment claim, even though you may feel that the treatment was unwarranted or unreasonable. In order for the plaintiff to prevail on this claim, you must find that her protected speech or conduct was a substantial or motivating factor in a defendant's decision to take these actions against the Plaintiff.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 4.02.1.

PH1 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 14:

If you find Plaintiff proved by a preponderance of the evidence that she engaged in protected speech and that such speech was a substantial or motivating factor in a defendant's decision to take some action against her, you must then consider whether that defendant has presented an adequate defense to the claim that he violated Plaintiff's constitutional rights.  A defendant presents an adequate defense to the plaintiff's case with respect to a particular action if the defendant shows, by a preponderance of the evidence, that he or she would have taken the same action with respect to the plaintiff even in the absence of the plaintiff's speech or conduct.  Therefore, if a defendant shows by a preponderance of the evidence that he or she would have reached the same decisions to take each of the actions he or she took without considering the plaintiff's protected speech or conduct, then you must find in favor of that defendant on the plaintiff's Section 1983 First Amendment retaliation claim.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 4.02.1.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 15:**

Apart from her claim of First Amendment retaliation, Plaintiff also alleges that each of the defendants, with the exception of Tammie Kipp, deprived Plaintiff of her right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.  In order to prove that this particular right was violated, the Plaintiff must prove the existence of purposeful discrimination and demonstrate different treatment from that received by other individuals similarly situated.  Plaintiff here alleges that the different treatment she received was based on her race, that is, because she is African American.

*Source:*  Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 16:**

As with her First Amendment retaliation claim, with respect to her Equal Protection claim under the Fourteenth Amendment, Plaintiff must show that her race, as an African American, was a substantial or motivating factor in a defendant's decision to subject her to adverse treatment in her employment. As described earlier, the plaintiff's race, in this case, was a substantial or motivating factor in a defendant's decision if it played a substantial role in a defendant's decision to take any of the adverse actions alleged.

Again, a defendant may have taken action against the plaintiff for no reason at all. If that was the case, the plaintiff's race was obviously not a substantial or motivating factor in the defendant's decisions regarding the plaintiff. A defendant may have taken action against the plaintiff for only one reason. If that one reason was that the plaintiff was African American, you must find that the plaintiff's race was a substantial or motivating factor in that defendant's decision to subject the plaintiff to adverse treatment in her employment.

A defendant may have taken action against the plaintiff for a combination of different reasons. If so, you must determine whether one of those reasons was that the plaintiff is African American. If this was one of those reasons, then you must decide whether plaintiff's race played a substantial role in the decision to subject the plaintiff to adverse treatment. If it did play a substantial role in a defendant's decision, then you must find that the plaintiff's race was a substantial or motivating factor in the defendant's decision. If the plaintiff has failed to prove this element by a preponderance of the evidence with respect to one or more of the defendants, then you will find for that defendant on this part of Plaintiff's claim.

18

The mere fact that the plaintiff may have been subjected to adverse treatment in her employment does not establish her Equal Protection claim, even though you may feel that the treatment was unwarranted or unreasonable.  In order for the plaintiff to prevail on this claim, you must find that her race was a substantial or motivating factor in a defendant's decision to take these actions against the Plaintiff.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 4.02.1.

19

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 17:**

If you find Plaintiff proved by a preponderance of the evidence that Plaintiff's race was a substantial or motivating factor in a defendant's decision to take some action against her, you must then consider whether that defendant has presented an adequate defense to the claim that he or she violated Plaintiff's constitutional rights. A defendant presents an adequate defense to the plaintiff's case with respect to a particular action if the defendant shows, by a preponderance of the evidence, that he or she would have taken the same action with respect to the plaintiff even if Plaintiff were not African American. Therefore, if a defendant shows by a preponderance of the evidence that he or she would have reached the same decisions to take each of the actions he or she took without considering the plaintiff's race, then you must find in favor of that defendant on the plaintiff's Section 1983 Equal Protection claim.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 4.02.1.

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 18:**

In addition to proving that the Defendants acted under color of state law and that they deprived Plaintiff of a Constitutional right (either under the First Amendment or the Fourteenth Amendment's Equal Protection Clause), the final component of a Section 1983 claim that Plaintiff must prove with respect to each defendant is that the defendant's actions were the proximate cause of the injuries she sustained. If you find that the plaintiff complains about an injury that was not proximately caused by a defendant's conduct, you may not award the plaintiff damages for that injury.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 14.01.1.

21

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 19:**

Proximate cause means that there must be a sufficient causal connection between the conduct of a defendant and any injury or damage sustained by the plaintiff. An act is a proximate cause if it was a substantial factor in bringing about injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's conduct, it was proximately caused by the conduct. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable people would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that the particular injury would not have occurred without the conduct of the defendants. If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiff complains about an injury that would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause the plaintiff's injury.

The defendants are not liable if the plaintiff's injury was caused by an independent source of injury that intervenes between the defendants' act or omission and the plaintiff's injury, and that produces injury which was not reasonably foreseeable by the defendants.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 8.01.10.

PH1 672329v2 12/10/04

### *Theories of Liability: Monell*

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 20:

In addition to the claims against Joseph Eppihimer, Jeffrey White, Jesús Peña, Nan Balmer, Eric Galosi, and Tammie Kipp, the plaintiff also has named The City of Reading as a defendant in her both of her Section 1983 claims.

The fact that an employee of a municipal entity, such as The City of Reading, deprived the plaintiff of a federal right is not alone a sufficient basis for imposing liability against the municipal entity itself.  In order to hold a municipal entity liable under Section 1983, the plaintiff must additionally demonstrate that her federally protected rights were violated either pursuant to the enforcement of a municipal policy or pursuant to the enforcement of a custom or practice of the City.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instructions 15.03.1, 15.04.1; Monell v. New York Dep't of Soc. Servs., 436 U.S. 658 (1978).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 21:**

The plaintiff has alleged that The City, acting through its chief policy-making officials, caused injury to her pursuant to a policy of The City.

A municipal policy need not necessarily be formally promulgated nor long standing. A municipal entity may adopt a policy to meet a particular situation or to solve a particular problem. A single decision by a municipal official who has final policy-making authority with respect to the subject matter in question is considered a municipal policy that may subject a municipality to liability under Section 1983.

Stated differently, an official to whom final policy-making authority has been delegated is an official whose actions can be said to represent a decision of the municipal entity itself. The policy-making official may cause injury by issuing orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for municipal employees that, when followed by those employees, results in injury.

I have determined as a matter of law that defendants Joseph Eppihimer, Jeffrey White, Jesús Peña, Nan Balmer (while she served as Community Development Director), and Tammie Kipp (while she has served as Finance Director) – but not, at any time relevant to this litigation, Eric Galosi – were policy-making officials whose actions may be attributed to the defendant City in this case. You must determine whether their final decisions affirmatively caused the deprivation of the plaintiff's federally protected rights at any time after December 9, 2001 so as to render The City liable.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instructions 15.03.1, 15.04.1.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 22:**

Plaintiff also alleges that the City has a custom and practice of engaging in unlawful acts.

A custom or practice is a well settled, persistent, widespread course of conduct by municipal officials having the force of law. Whether there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination you may consider how long the alleged practice existed, the number and percentage of City of Reading officials engaged in the practice, and the similarity of the conduct engaged in by its employees.

A municipal practice or custom has the force of law when it has been approved, either expressly or implicitly, by the municipal entity's policymakers, or when the policymakers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it. I am instructing you as a matter of law that Joseph Eppihimer, while serving as Mayor, was a policymaker with respect to City administrative matters. While serving as Managing Director, Jeffrey White was a policymaker with respect to City administrative matters, as well as, beginning December 18, 2001, supervisor for the Human Relations Commission Administrator. Jesús Peña, while he served as Human Resources Director, was a policymaker with respect to City personnel matters. Nan Balmer, while she served as Community Development Director, was a policymaker with respect to Community Development Department programs and personnel. While she has served as Finance Director, Tammie Kipp has been a policymaker with respect to City accounting, purchasing, and budget matters.

PH1 672329v2 12/10/04

Therefore, to find in favor of the plaintiff and against The City of Reading, you must find that any of the individual defendants violated the plaintiff's federally protected rights and that the defendant taking such action was a policymaker for the City with respect to such action.  Alternatively, to find in favor of the plaintiff and against The City of Reading, you must find that plaintiff suffered a deprivation of a federally protected right; that the violation of the plaintiff's rights was pursuant to a long-standing custom or practice of the City; and that Joseph Eppihimer, Jeffrey White, Jesús Peña, Nan Balmer, or Tammie Kipp either approved or were deliberately indifferent to the custom or practice to the extent it occurred in an area in which they had policymaking authority at that time.  If you find that the plaintiff has failed to establish each and every one of these elements under either one theory or the other, your verdict must be for the City.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 15.04.1.

PH1 672329v2 12/10/04

*Fair Labor Standards Act claim*

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 23:

Plaintiff's third claim is that the City did not pay her overtime pay that she earned.

The Fair Labor Standards Act, or "FLSA," is a federal law that provides that if an

employee works hours in excess of forty (40) hours in a workweek, the employer must

pay that employee for those excess hours worked at a rate of one and one-half times her

regular hourly rate, unless that employee is employed in a bona fide administrative,

executive or professional capacity.


*Source*: *Adapted from* McNamara & Southerland, Federal Employment Jury Instructions

(2003 Supp.) at Model Instruction § 6.30; 29 U.S.C. §§ 207(a)(1) & 213(a)(1).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 24:**

As a threshold matter, in order for Plaintiff to have a claim under the FLSA, Plaintiff must prove that she performed work in excess of forty (40) hours per workweek and that she was not properly compensated for that work.  With respect to the number of hours worked, Plaintiff must produce sufficient evidence to show the amount of work and extent of that work as a matter of just and reasonable inference.

*Source*: *Adapted from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.30; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946).

28

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 25:

As stated before, the FLSA provides that if an employee works hours in excess of forty (40) hours in a workweek, the employer must pay that employee overtime that is not less than one and one-half times the regular rate for which she is employed.  Overtime pay should only be awarded when an employee works over forty (40) compensable hours per workweek, not for hours the employee works in addition to her regular workweek if that number of hours does not exceed forty (40).  For example, an employee who is regularly scheduled to work seven hours per day, Monday through Friday and who works five (5) extra hours each week, would not be entitled to overtime because the total hours the employee worked that workweek would be exactly forty (40), which does not exceed forty (40) hours.  Again, overtime pay is not required unless the employee works beyond forty (40) hours in a workweek.

*Source*: *Adapted in part from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.30.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 26:**

Time spent attending lectures, meetings, training programs or similar activities does not count as "compensable time" for purposes of calculating the total number of hours worked if the following four criteria are met:

(1) attendance is outside of the employee's regular working hours;

(2) attendance is voluntary;

(3) the course, lecture or meeting is not directly related to the employee's job; and

(4) the employee does not perform any productive work during such attendance.

Training is directly related to the employee's job if it is designed to make the employee handle her job more effectively, rather than training her for another job, or a new or additional skill. When the purpose of the training course is to prepare the employee for advancement through upgrading to a higher skill and is not intended to make the employee more efficient in her present job, the training is not considered directly related to the employee's job even though the course incidentally improves her skill in doing regular work.

Attendance is not voluntary if it is required by the employer. Similarly, attendance is not voluntary if the employee is told or led to believe that her present working conditions or her continued employment would be negatively affected by non-attendance.

The time an employee spends working for public or charitable purposes at the employer's request, under the employer's direction or control, or while the employee is required to be on the employer's premises constitutes hours worked for which the employee is to be compensated. However, the time an employee spends voluntarily

30

engaging in civic or charitable activities outside of normal working hours does not constitute hours worked.

The Fair Labor Standards Act does not require an employer to count holidays, sick days or vacation days in determining the number of hours an employee has worked for purposes of calculating whether overtime pay is due.

*Sources*: McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.170, § 6.180, § 6.190; 29 C.F.R. § 778.218(a); 29 C.F.R. § 785.44.

31

**<u>DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 27:</u>**

If, after considering all the evidence, you find that Plaintiff has failed to prove that she worked in excess of forty (40) hours in a work week from December 9, 2001 to the present and that she was not properly compensated for such time, your verdict must be for the City with respect to the Plaintiff's Fair Labor Standards Act claim.

*Source: Adapted from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.30.

32

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 27:

Even if Plaintiff has proven the elements of her claim, you must return a verdict for the City if the City proves by a preponderance of the evidence that the Plaintiff is exempt from the overtime provisions of the FLSA.

The exemption claimed by the City is the bona fide administrative exemption. To receive the benefit of this exemption, the City must prove by a preponderance of the evidence that:

(1) the Plaintiff is paid a salary of at least $455.00 per week;

(2) the Plaintiff's primary duty consists of the performance of office or non-manual work directly related to the management policies or general business operations of the employer or the employer's customers;

(3) the Plaintiff's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

*Source:* 29 C.F.R. § 541.200.

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 29:**

An employee is considered to be paid on a salary basis if that employee regularly receives each pay a predetermined amount constituting all or part of her compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

The parties agree that Plaintiff has been paid a salary of at least $455.00 a week.

*Source:*   29 C.F.R. § 541.201(a).

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 30:

The second element that the City must prove by a preponderance of the evidence in order for Plaintiff to be found exempt is that Plaintiff's primary duty consists of the performance of office or non-manual work directly related to management policies or general business operations of the company or the company's customers.

Primary duty means the principal, main, major or most important duty that the employee performs. Determination of the Plaintiff's primary duty must be based on all the facts in the particular case, with the major emphasis on the character of the employee's job as a whole.

The phrase "directly related to management or general business operations" means that Plaintiff performed work directly related to assisting with the running or servicing of the City's operations, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to the management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network; Internet and database administration; legal and regulatory compliance; and similar activities.

*Source*: 29 C.F.R. § 541.201(b).

**<u>DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 31:</u>**

The final element the City must prove by a preponderance of the evidence to establish that Plaintiff is exempt is that Plaintiff's job requires the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves comparing and evaluating possible courses of conduct and then acting or making a decision after the various possibilities have been considered. The term must be applied in light of all the facts involved in the Plaintiff's particular employment situation, and implies that the Plaintiff has the authority to make an independent choice, free from immediate direction or supervision. The fact that an employee's decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

The phrase "matters of significance" refers to the level of importance or consequence of the work performed.

*Source*: 29 C.F.R. § 541.202(a), (b).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 32:**

Even if Plaintiff has proven the elements of her claim, that is, that she worked in excess of forty (40) hours in a workweek and was not compensated for it, you must return a verdict for the City if the City proves by a preponderance of the evidence, through its establishment of the elements I just outlined, that Plaintiff is exempt from the overtime pay law.

*Source: Adapted from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.30.

37

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 33:**

If, however, you find that the Plaintiff has proved by a preponderance of evidence all of the elements of her claim, and you find that the City failed to establish its claim that Plaintiff is exempt from the overtime pay law, then your verdict must be for the Plaintiff and you must determine the damages that the Plaintiff is entitled to recover.

*Source*: *Adapted from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.30.

*Breach of Contract claim*

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 34:**

Plaintiff's fourth claim is that the City breached an employment contract that was entered into by her and the City in which the City allegedly promised to pay her additional compensation for any given workweek in which she worked in excess of forty (40) hours.

39

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 35:

The Plaintiff must prove all the elements necessary to establish her claim that the City breached an employment contract. To prove her claim of breach of employment contract, Plaintiff must prove the following five elements:

(1) that she and the City entered into an employment contract;

(2) that the contract provided for the term Plaintiff alleges;

(3) that the City breached the contract;

(4) that the City's breach caused damages; and

(5) the amount of those damages.


*Source*: Model Jury Instructions Employment Litigation, Section of Litigation – The American Bar Association, at Model Instruction § 3.03[4][b] (1994).

PH1 672329v2 12/10/04

*Fraudulent Misrepresentation claim*

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 36:**

Plaintiff's fifth claim is that the City and/or Balmer, Peña, and White perpetrated a fraud on Plaintiff regarding her eligibility for overtime pay.

There are two different means by which a plaintiff can show that these defendants committed fraud. One theory of liability is known as "fraudulent misrepresentation." The other theory is known as "fraudulent concealment." If you find that Plaintiff has proven either theory as to either Jeffrey White, Jesús Peña, or Nan Balmer, you must find for Plaintiff and against the appropriate defendant on the fraud claim. You may also find for the Plaintiff and against the City, subject to the condition I will describe further in a moment.

PHI 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 37:

Plaintiff's fraudulent misrepresentation claim has six essential elements:

First, that White, Peña, or Balmer represented to Plaintiff that she was an exempt employee;

Second, that this representation was false;

Third, that the particular defendant or defendants made the representation recklessly and without regard to the truth or falsity of their statement;

Fourth, that Plaintiff relied on the representation and was deceived by it;

Fifth, that Plaintiff acted with ordinary prudence in relying on the representation; and

Sixth, that the false representation was the proximate cause of the injury to the Plaintiff.

If you find Plaintiff has established each of these six elements by a preponderance of the evidence as to White, Peña, or Balmer, then you should return a verdict for the Plaintiff on this claim as to that individual defendant or defendants. If, on the other hand, you find that Plaintiff has failed to establish one or more of these six elements as to any defendant, then you must find for that defendant as to the fraudulent misrepresentation claim.

*Source*: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 123.02 (5th ed. 2000).

PHI 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 38:**

For purposes of this claim, acting "recklessly" means acting wantonly, with indifference to consequences.  If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he or she may be found to have made the representation recklessly.

*Source*: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 123.20 (5th ed. 2000).

PH1 672329v2 12/10/04

*Fraudulent Concealment claim*

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 39:**

Alternatively, Plaintiff claims that White, Peña, and Balmer perpetrated a fraud upon her by concealing the fact that, as Plaintiff claims, she was not, in fact, an exempt employee and was, in fact, eligible for overtime compensation.

44

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 40:

To establish fraud and deceit based upon concealment of a fact or facts, Plaintiff must show each of the following:

First, that White, Peña, or Balmer concealed or suppressed a material fact regarding her exemption status and entitlement to overtime compensation;

Second, the defendant or defendants knew that the fact was material;

Third, that the omitted fact was unknown and inaccessible to Plaintiff;

Fourth, the defendant or defendants must have intentionally concealed or suppressed the fact with the intent to defraud Plaintiff;

Fifth, Plaintiff must have been unaware of the fact and would not have acted as she did if she had known of the concealed or suppressed fact; and

Sixth, as a result of the concealment or suppression of the fact, Plaintiff sustained damages.

*Source*: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 123.03 (5th ed. 2000).

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 41:**

The test of materiality of an undisclosed or misrepresented fact is an objective one, i.e., whether a reasonable person would attach importance to that fact in determining his or her choice of action in the transaction in question.

*Source:* Rochez Bros., Inc. v. Rhoades, 491 F.2d 402, 408 (3d Cir. 1974).

46

**<u>DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 42:</u>**

If you find that Plaintiff has established by a preponderance of the evidence all six elements of her fraudulent misrepresentation claim or fraudulent concealment claim against White, Peña, or Balmer, you must find for Plaintiff and against that defendant.

In addition, Plaintiff has brought her fraud claim against the City of Reading. You must find for Plaintiff and against the City if you find that either White, Peña, or Balmer engaged in a fraudulent misrepresentation or fraudulent concealment while acting with the actual or apparent authority of the City of Reading.

PH1 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 43

This concludes my instructions on the law involving the five claims brought by Plaintiff.  In considering these claims, you should not confuse them with other theories that are not before you.  For example, Plaintiff has not brought a claim in this suit for gender discrimination or national origin discrimination.  She has not brought a claim for defamation, nor has she alleged that she experienced sexual harassment.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 44:**

If you find that the plaintiff has proved, by a preponderance of the evidence, either of her Section 1983 claims for relief, her FLSA claim, her contract claim, and/or her fraud claims against any of the defendants, you must then decide what damages she sustained as a result of the violation or violations of her rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. Also, just because I give you instructions on damages does not mean that I have any opinion about liability, one way or the other. It is for you alone to decide whether each or any defendant is liable to the plaintiff.

You should not reach the issue of damages unless you find that the plaintiff has established liability on at least one of her claims.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.01.2.

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 45:**

An attorney's statement to you of the amount of damages you should award the plaintiff is not binding upon you. It is not evidence; it is only a lawyer's statement.

It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages she has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.01.3.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 46:**

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding compensatory damages in an amount that is fair compensation for all of the plaintiff's damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.01.1.

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 47:

If you decide that the plaintiff sustained actual damages, your award of compensatory damages must encompass only those injuries which you find that plaintiff has proven by a preponderance of the evidence.  Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of the defendants' conduct in violation of Section 1983 or the FLSA; in breach of an employment agreement; or for conduct that constitutes fraud.  That is, you may not simply compensate plaintiff for any injury suffered by her; you must compensate plaintiff only for those injuries that are a direct result of defendants' conduct.

Plaintiff may not recover for any injury that existed prior to December 9, 2001, or for any injury from which she suffered that was not caused by the violation of her constitutional and state law rights.  You may, however, compensate the plaintiff to the extent that you find that she was further injured by Defendants' violations of her rights.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.01.4.

PH1 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 48:

If you should find for the plaintiff, you should not take into consideration attorneys' fees or court costs in deciding on the amount of her compensatory damages. The matter of attorneys' fees and costs will be decided later by the Court.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.01.5A.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 49:**

If you find that the damages suffered by the plaintiff were partly the result of

conduct by a particular defendant that was legal, and partly the result of conduct by that

defendant that was illegal, you must apportion the damages between the legal and illegal

conduct, and you may award the plaintiff compensatory damages only for injuries caused by

the illegal conduct.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel

2002 Supp.) at Model Instruction 18.01.12.

PH1 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 50:

If you find that the plaintiff was injured and suffered damages as a proximate result of conduct by one or more defendants in violation of her constitutional or state law rights, you must also determine whether the plaintiff thereafter could have done something to lessen the harm that she suffered. The burden is on the defense to prove, by a preponderance of the evidence, that the plaintiff could have lessened the harm that was done to her, and that she failed to make reasonable efforts to do so. If the defendants convince you that the plaintiff could have reduced the harm done to her but failed to make reasonable efforts to do so, she is entitled only to those damages that are sufficient to compensate her for the injury that she would have suffered if she had taken appropriate action to reduce the harm done to her. In short, you should reduce any amount of damages that you find plaintiff suffered by the amount that the defendants prove that the plaintiff could have lessened those damages through reasonable efforts.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.04.1.

PH1 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 51:

In this case, the plaintiff claims that the defendants injured her in a number of ways, in violation of federal and state law. If you find that one or more defendants did in fact violate one or more of the plaintiff's rights, you must remember that, in calculating the damages, the plaintiff is entitled to be compensated only once for the injuries she actually suffered.

Because the plaintiff presents Section 1983 claims, an FLSA claim, a contract claim, and a fraud claim based on many of the same events, you must be careful in fixing damages that you do not award double compensation for a single injury resulting from violations of the different rights. On the other hand, if a defendant violated more than one of the plaintiff's rights and/or wronged Plaintiff in more than one way and you can identify separate injuries from the separate violations, you should award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of her separate injuries. I emphasize again, however, that you should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, for example, one federal and the other state.

*Source: Adapted from* Schwartz & Pratt, 4 Section 1983 Litigation: Jury Instructions (Panel 2002 Supp.) at Model Instruction 18.05.2.

56

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 52:

With respect to Plaintiff's FLSA claim, the measure of damages is the difference between what the Plaintiff should have been paid under the Fair Labor Standards Act and the amount that she was actually paid.

In the event that you are convinced by the evidence that the City did violate the Fair Labor Standards Act, then you must determine the amount of damages the Plaintiff has suffered. With regard to Plaintiff's allegations of Fair Labor Standards violations, you must determine the difference between what the Plaintiff was paid and what you, the jurors, decide that she should have been paid. The difference is the amount of damages.

*Source*: *Adapted from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.390.

PH1 672329v2 12/10/04

## DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 53:

If you find that Plaintiff has proven that she has worked in excess of forty (40) hours during any workweek, you must compute the amount of overtime pay owed to her. Effective December 18, 2001, Plaintiff's annual salary was $32,000.  Effective on or about January 1, 2003, Plaintiff's annual salary was $32,960.  In order to determine Plaintiff's weekly salary, her annual salary should be divided by 52.  Once you calculate that number, in order to determine Plaintiff's hourly rate, Plaintiff's weekly salary should be divided by the number of hours that the salary was intended to compensate.

Plaintiff is then entitled to one-and-a-half times her hourly rate for all hours worked in excess of forty (40) during the workweek.

*Source*: *Adapted from* McNamara & Southerland, Federal Employment Jury Instructions (2003 Supp.) at Model Instruction § 6.250 & § 6.300.

PH1 672329v2 12/10/04

**DEFENDANTS' PROPOSED JOINT JURY INSTRUCTION NO. 54:**

With respect to Plaintiff's breach of employment contract claim, the purpose of awarding damages is to put the nonbreaching party in the same position that she would have been in if the breaching party had not violated the contract.  If you conclude that the Plaintiff has not proved each element of her claim of breach of contract, then you must not award damages.

However, if you decide in favor of the Plaintiff, you should award her a sum of money that will compensate her for the monetary harm caused by the City's breach of the employment contract.

The Plaintiff does not have to prove the amount of damages with exactness.

You must not award the Plaintiff punitive damages, damages for emotional distress, humiliation, or any other nonmonetary injury she suffered on this breach of contract claim.

*Source*: Model Jury Instructions Employment Litigation, Section of Litigation – The American Bar Association, at Model Instruction § 3.03[6] (1994).

59